141 So. 561

**SOUTHERN RY. CO. et al. v. CUNNINGHAM.**

6 Div. 934.

Supreme Court of Alabama.

April 7, 1932.

Rehearing Denied May 19, 1932.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellees.

BOULDIN, J.

The suit is under the Homicide Act (Code 1923, § 5696).

Plaintiff's intestate came to her death from being run upon by a locomotive of defendant, drawing a train of freight cars. The time was late at night. The place upon a high trestle at Cook Springs in Saint Clair county.

The case went to the jury on a count for subsequent negligence in the operation of the locomotive. The pleas were the general issue; and special pleas of subsequent contributory negligence—negligence of deceased after the discovery of her own peril.

Defendant had the full benefit of this latter defense under pleas 2 and 3. There was, therefore, no error in sustaining demurrers to pleas 6 and 7, setting up the same defense and calling for like proof.

The witness, Couch, a locomotive engineer of long experience extending up to the time of the accident, was a competent witness as to the distance within which the train could have been brought to a stop under conditions disclosed in the evidence.

The testimony of the engineer tended to show he discovered the woman about the middle of the trestle, 450 feet in length, when his engine approached within 100 to 150 feet of the west end of the trestle, and while running down grade at a speed of 10 to 12 miles per hour; that she was then trying to flag the train with a flash-light.

There was further evidence, such as bloodstains on the track, and articles found, tending to show she was within some 40 feet of the east end of the trestle when killed.

Under the evidence as a whole, it was clearly for the jury to determine whether the prompt resort to all the means at hand to stop the train, properly equipped with modern appliances, and moving at the speed stated, would have been effected within the distance of 325 to 500 or more feet, as the jury should find.

The discovery of a person about midway a trestle 450 feet long, 25 feet high, and too narrow to get in a place of safety, is the discovery of peril to such person from an approaching engine.

There was evidence that this trestle had two or three water barrels at intervals, placed on small platforms some 3 feet square outside the wake of the train, to which a person could repair for safety, and that deceased was near one of these barrels when first discovered. There was no evidence that deceased knew of these conditions. We cannot hold, as matter of law, the engineer could assume that a person on the trestle in the night, trying to flag down the train, knew of, and would avail himself or herself of, such means of escape. It follows defendant was not due the affirmative charge for want of evidence of subsequent negligence on the part of the trainmen.

Dealing with the negligence of deceased after the discovery of her own peril, certain evidence tended to show she was in a place of safety when the train came in sight around the curve west of the trestle, that she saw and began flagging the train before getting on the trestle:

Certainly, becoming a trespasser upon the track of defendant, and there remaining or moving into a position of more obvious danger after seeing a train approaching on such track, is subsequent contributory negligence which will bar a recovery even for negligence of defendant's servants after discovery of such peril.

But, considering the evidence of her position midway the trestle when first seen by the trainmen, the distance the train had then moved after coming in sight, and further evidence that she wanted to catch the train at the station east of the trestle, there appears ground for inference that she would have remained there after seeing the train, that she had gone on the trestle before the train was discovered, that she then tried to flag it down, and sought to reach the east end of the trestle, but was overtaken by the locomotive at the point where it appears the accident occurred.

While the evidence all comes from plaintiff's witnesses, the defendant engineer being examined as her witness, it was for the jury to consider it all in the light of reason and experience.

It cannot be said their conclusion was clearly and palpably wrong.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.